**In re Rita PENNISTON, Debtor.**

**Bankruptcy No. BKY 4–95–1890.**

United States Bankruptcy Court,
D. Minnesota.

April 1, 1997.

Robert L. Kalenda, St. Cloud, for Debtor.

*ORDER DENYING MOTION TO
APPROVE SALE FREE AND
CLEAR OF INTERESTS*

ROBERT J. KRESSEL, Bankruptcy Judge.

This case came on for hearing on the motion of the debtor "for authority to sell, use or lease assets of debtors." Robert L. Kalenda appeared for the debtor. There were no other appearances.

**BACKGROUND**

By this motion, the debtor seeks court approval of the sale of her homestead for $68,875.00. She asks that the sale be "free and clear of all liens, encumbrances, claims, judgments and tax liens, whether relating to income, sales or excise, including but not limited to the security of Comu-link (MHFA)...." The proposed distribution of the proceeds of the sale is:

| | |
|---|---|
| Mortgage Payoff:[1] | $19,000.00 |
| Closing Costs & Legal Fees: | $ 8,500.00[2] |
| Net to Seller: | $41,375.00 |

---

1. The mortgagee is apparently Comu-link (MHFA).

2. What the closing costs and attorney's fees are that would be entitled to be paid from the proceeds is not indicated.

The motion then goes on to say that the proceeds "would be applied first to Debtor's indebtedness to Comu-link."

## DISCUSSION

There are a number of problems with the motion. Court approval is purportedly being sought pursuant to 11 U.S.C. § 363(f), which provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

First, since § 363(f) talks about the *trustee* selling property, one might wonder what business the debtor has selling property. Although not mentioned in the motion, 11 U.S.C. § 1303 does provide that a chapter 13 debtor has "exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(*l*) . . . ." Thus, assuming the other elements are present and requirements are met, a chapter 13 debtor may invoke § 363(f).

■ Second, § 363(f) specifically refers back to § 363(b)(1), the general provision dealing with sales outside the ordinary course of business, which surely this is. Section 363(b), as does all of § 363, deals with sales of "property of the estate." Property of the estate basically consists of whatever interest the debtor has in any property as of the filing of the case. 11 U.S.C. § 541(a). However, once property is exempted, it is no longer property of the estate. *Owen v. Owen,* 500 U.S. 305, 308, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991) ("An exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor."). As noted, the property which the debtor proposes to sell is her homestead, which she claimed as exempt under Minnesota Statutes. Since no one objected to the claim of exemption within 30 days of the conclusion of the meeting of creditors, the property became exempt in June of 1995. 11 U.S.C. § 522(*l* ) and Fed.R.Bankr.P. 4003(b). Since the property is no longer property of the estate, § 363 in general and § 363(f) in particular are not applicable to the debtor's sale. Therefore, the debtor does not need court approval for the sale nor can she sell her homestead free of interests as § 363(f) contemplates.[3]

■ Third, even if a § 363(f) sale were possible, the debtor has not demonstrated that the necessary conditions are present. In her memorandum, the debtor relies on the second and fourth subdivisions of § 363(f), claiming that Comu-link consents to the sale

---

**3.** At the hearing, the debtor's attorney indicated that he shared the court's opinion that no order was necessary, but that an attorney representing another party to the transaction was insisting upon a court order. This is certainly puzzling in light of the Minnesota Title Standards, which require no order in these circumstances. Chapter 1 of the "white pages" is entitled "Instruments Required to Transfer Title to Real Property." Section J.1.a describes the requirements for a transfer of exempt property under any chapter of the Bankruptcy Code. The standards require a deed from the debtor and either a certificate from the Clerk of the Bankruptcy Court showing that the property has properly been claimed as exempt, or an order determining that the described property is exempt. An order approving the sale is not required. As a result, any attorney insisting upon such an order, in contravention of bankruptcy law and state title standards, is imposing unnecessary costs on the parties to the transaction.

and other creditors' (leaving aside for a minute who those other creditors are) claims are in dispute. Only Comu-link is identified in the motion. While the debtor indicates that Comu-link has consented to the sale free of its interest, the record does not reflect any such consent nor do I think that its failure to object can necessarily be construed as consent. On the other hand, while the motion asks that the sale be free and clear of all liens, encumbrances, etc., the debtor proposes that Comu-link be paid and therefore the sale need not be free of its lien. Likewise, while the debtor indicates in her memorandum that the miscellaneous other entities that might have interests in the property have claims that are in dispute, the debtor does not identify who the holders of these interests might be, what their claimed interests are, nor what the bases of any disputes are. Under these circumstances, I am hard pressed to conclude that the debtor has met the criteria of § 363(f) for a sale free and clear of interests.

The fourth and last problem with the debtor's motion is related to the third. The motion asks that the sale be free and clear of "all liens, encumbrances, claims, judgments and tax liens...." without revealing the nature or extent of their interests in the property to be sold. This places the court in the position of having no information on which to evaluate the § 363(f) requirements and, at least as importantly, to determine whether or not those entities have even been served with the motion. The debtor also does not indicate what she proposes to offer these creditors by way of adequate protection for the loss of their interests in the property. Section 363(f) is not intended as a title clearing mechanism. Although the section can serve a similar purpose when disputes over interests might otherwise prevent a sale, it is not intended to facilitate a sale when there is no possible benefit to the bankruptcy estate.

■ When a sale under § 363(f) is proposed, it is incumbent upon the trustee, the debtor in possession, or the chapter 13 debtor to specifically identify the holders of the interests affected, provide a description of that interest as best the movant can, and to demonstrate that the requirements of § 363(f) are met as to each such holder of an interest. That clearly has not been done here.

For all these reasons,

IT IS ORDERED: The debtor's motion "for authority to sell, use or lease assets of debtors" is denied.